Dane W. Exnowski, SBN 281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: (562) 661-5060
Fax: (562) 661-5060
BK.CA@McCalla.com

Attorney for Movant

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Arthur Mrozowski,<br><br><br><br><br><br><br><br><br><br><br>Debtor. | Case No. 18-51722<br><br>Chapter 13<br><br>R.S. No. DWE- 215<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR IN REM RELIEF AND ANNULMENT FROM AUTOMATIC STAY RETROACTIVELY**<br><br>Hearing:<br>Date: September 4, 2018<br>Time: 10:30 a.m.<br>Place: Courtroom 3099<br>280 South First Street<br>San Jose, CA 95113-3099 |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

HSBC Bank USA, National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2004-HE3, Asset-Backed Pass Through Certificates ("Movant") hereby files this Memorandum of Points & Authorities in support of its Motion for In Rem Relief and Annulment from the Automatic Stay Retroactively (the "Motion") in the above-captioned matter.

///

///

# I. INTRODUCTORY STATEMENT

Movant hereby moves this Court for an Order granting in rem relief and annulment of the automatic stay retroactive to the petition date, because Movant proceeded with its 8/02/2018 trustee's sale and the subject property is only implicated herein due to Borrower's fraudulent conduct, and because the bankruptcy is part of a scheme to delay Movant's foreclosure that involved multiple bankruptcy filings by the Borrower, Debtor and unauthorized transfers of the Property, and it is not adequately protected as Debtor has failed to make 64 payments.

# II. STATEMENT OF FACTS

1. **Case history:** Arthur Mrozowski ("Debtor") filed the instant Chapter 13 voluntary bankruptcy petition August 1, 2018 as bankruptcy case number 18-51722.

2. **The Property at issue:** The address of the real property that is the subject of this motion 1006 Loyola Way, Vallejo, CA 94589 (the "Property"). The Debtor's interest in the Property is unknown, but Movant surmises that he is a purported transferee of interest therein.

3. **Secured interest in the Property:** On or about August 18, 2004, James Reid ("Borrower") made and delivered to original lender WMC Mortgage Corp., a Promissory Note in the original principal amount of $200,000.00 (the "Debt Agreement") secured by the Deed of Trust made by the borrower recorded on August 26, 2004 against the Property. Copies of the Debt Agreement and recorded Deed of Trust are attached to the Motion as **Exhibit A** and **Exhibit B**, respectively. A true and correct copy of the assignment transferring the beneficial interest under the Note and Deed of Trust to Movant is attached to the Declaration as **Exhibit C**. On May 13, 2011 Borrower executed a Loan Modification Agreement dated May 4, 2011 modifying the terms of the original Debt Agreement and Recorded Deed of Trust. A true and correct copy of the Loan Modification Agreement is attached hereto as **Exhibit D**.

4. **Amount of Movant's Claim with respect to the Property:** The loan's total approximate balance is $228,246.27 as of August 2, 2018.

5. **Status of Movant's claim relating to the Property:** The loan is due for the May 1, 2013 payment. The contractual delinquency totals $94,350.52 as of the August 1, 2018 payment, exclusive of fees, costs, and charges. Notices of Default were recorded against the Property on September 17,

2009 (rescinded) and on September 3, 2013. The following Notices of Trustee's Sale were recorded against the Property on April 15, 2010 (rescinded), December 2, 2013, May 12, 2015, November 4, 2016, and January 22, 2018. The sale dates posted on the Notices of Trustee Sales have been postponed due to the multiple bankruptcy cases filed against the Property, which include the January 3, 2014, June 1, 2015, November 28, 2016, February 20, 2018, and May 1, 2018 sale dates.

6. **Bankruptcies affecting Property.** There have been total 9 bankruptcy cases affecting the Property filed by the Borrower, Purported Transferee, and the Debtor including the current case. *See* **Exhibits E – G & J**. The 8 previous cases summarized as follows:

A. **James Reid** – 09-29165 [CA-E]. Filed: 05/07/2009; Dismissed for failure to file information: 07/30/2009.

B. **James Reid** – 14-31370 [CA-E]. Filed: 11/19/2014; Dismissed for failure to file information: 12/01/2014.

C. **James Reid** – 15-26841 [CA-E]. Filed: 08/31/2015; Dismissed for failure to file information: 09/18/2015.

D. **James Reid** – 16-28149 [CA-E]. Filed: 12/12/2016; Dismissed for failure to file information: 12/30/2016.

E. **Min J Lee** – 17-43101 [CA-N]. Filed: 12/18/2017; Dismissed for failure to file Information: 01/17/2018.

F. **Austin Waylen Moorhead** – 18-30172 [CA-N]. Filed: 02/17/2018; Relief from Stay Granted on 04/13/2018.

G. **Min Rex Lee** – 18-40935 [CA-N]. Filed: 04/23/2018; Dismissed for failure to file information 05/08/2018.

H. **Min J Lee** – 18-41462 [CA-N]. Filed: 06/25/2018; Relief from Stay filed (hearing dropped from calendar on 7/11/2018; Dismissed for failure to comply.

///

///

///

7. **Movant's trustee's sale.** On the morning of August 2, 2018, just minutes prior to the trustee's sale of the Property scheduled for 10:30 a.m., Movant's foreclosure trustee received a facsimile containing an unrecorded copy of a Deed of Trust with Assignment of Rents (Short Form) along with a copy of the Notice of Bankruptcy Case Filing issued in the instant matter. *See* **Exhibit L.** Movant did proceed with the August 2, 2018 trustee's sale, which resulted in a sale of the Property to a third party purchaser.

### III. GROUNDS FOR RELIEF FROM STAY

1. **Movant submits that 'cause' exists to annul the stay to the extent it affected Movant's trustee's sale that was conducted on August 2, 2018.** Pursuant to 11 U.S.C. §362(d)(1), a bankruptcy court may annul the automatic stay for "cause." The proper standard for determining whether "cause" exists to annul the automatic stay retroactively is a "balancing of the equities" test. *In Re Fieldsted,* 293 B.R. 12, 24 (9th Cir. BAP 2003) (citing *In Re National Environmental Waste Corp.,* 129 F.3d 1052, 1055 (9th Cir. 1997). Generally, Courts look to "1) [w]hether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." *Id.* (internal citation omitted). However, these two factors are not dispositive; courts employ many factors which examine the debtor's and creditor's good faith, the prejudice to the parties, the judicial or practical efficacy of annulling the stay. *In Re Fieldsted, supra,* 293 B.R. at 24-25. Additional factors for consideration include:

> the number of bankruptcy filings by the debtor; the extent of any prejudice, including to a bona fide purchaser; the debtor's overall good faith; the debtor's compliance with the Code; the relative ease of restoring patties to the *status quo ante;* the costs of annulment to debtors and creditors; how quickly the creditor moved for annulment; whether annulment will cause irreparable injury to the debtor; and whether stay relief will promote judicial economy or other efficiencies. In any given case, one factor may so outweigh the others as to be dispositive. *In Re Mathon Fund*, LLC 2012 WL 4800196 at p. 4 (9th Cir. BAP 2012) (citing *In Re Fieldsted, supra,* 293 B.R. at 25) (internal quotation omitted).

Movant has been attempting to complete its foreclosure sale with respect to the Property in order to enforce its note that has been delinquent since May 1, 2013. However, the Borrower has

engaged in a scheme to delay, hinder, and defraud Movant. Since 2009, the Property has been subjected to no less than nine bankruptcies collectively filed by the Borrower and now the Debtor, who is likely a purported unauthorized transferee.

1. **Pursuant to 11 U.S.C. § 362(d)(1):** 11 U.S.C. § 362(d)(1) provides that a creditor may move for relief from the automatic stay "for cause." In the instant case, cause exists to terminate the stay based on the Debtors' extended failure to make monthly mortgage payments as required by the Note and Deed of Trust. *See In re Three Tuns*, *Inc.*, 35 B.R. 110 (1983) (a debtor's continued failure to tender period payment to a secured creditor pursuant to the terms of an underlying loan can constitute "cause" for relief under §362(d)(1)); *see also In re Galbraith,* 19 B.R. 563, 565 (Bkrtcy. E.D.Pa. 1982) (a debtor's failure to make payments for more than two years was sufficient to warrant relief from stay). The evidence establishes that 64 payments, dating back to May 1, 2013, have not been made to the Movant. Therefore, the Movant's interest in the Property is not adequately protected and there is cause to grant the Motion.

Here, the loan is in substantial default and has been in default for more than 5 years. Thus, Movant submits that 'cause' exists to immediately terminate the stay on this basis alone. Furthermore, Movant submits that the Debtor and Borrower's serial and swiftly dismissed bankruptcy petitions constitute a patent abuse of the bankruptcy process. Thus, 'cause' additionally exists to immediately terminate the stay. *See In Re Victory Const. Co., Inc.*, 9 B.R. 549, 560 (Bankr. C.D. Cal. 1981) (Cause under § 362(d)(1) has been defined as "any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process."). *See also In Re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) (citing, e.g., *In Re Kemble*, 776 F.2d 802, 807 [9th Cir. 1985] [debtor's dilatory behavior a proper consideration in lifting stay]).

1. **Pursuant to 11 U.S.C. § 362(d)(4), the filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors involved multiple bankruptcy case filings by the Debtor:** The evidence establishes that, including the instant case, the Property has been subjected to 9 bankruptcy cases affecting Movant's interest in the Property, which have only worked to prevent it from exercising its lawful state law remedy to foreclose given the substantial default. On November

///

19, 2014, Borrower delayed Movant's sale by filing the **Second Bankruptcy** in U.S. Bankruptcy Court Eastern District of California Petition #14-31370. The Second Bankruptcy was dismissed less than a month later on December 1, 2014 for failure to file information. Borrower then filed his **Third Bankruptcy** case in the U.S. Bankruptcy Court Eastern District of California Petition #15-26841, on August 31, 2015. The Third Bankruptcy was dismissed less than a month later on September 18, 2015.

On December 12, 2016, Borrower filed his **Fourth Bankruptcy** case in the U.S. Bankruptcy Court Eastern District of California Petition # 16-28149. The Fourth Bankruptcy case was dismissed less than a month later on December 30, 2016, *see Exhibit E for Borrower bankruptcy dockets*

On December 18, 2017, Debtor Min J Lee filed his first bankruptcy case in the U.S. Bankruptcy Court Northern District of California Petition # 17-43101. This filing became the **Fifth Bankruptcy** case to prevent foreclosure against the Property, *see Exhibit F*.

On February 20, 2018 Trustee for Movant received a facsimile providing notice of an additional bankruptcy filing by the beneficiary of the Deed of Trust. The facsimile contained a copy of an unrecorded Deed of Trust with Assignment of Rents (Short Form) executed by the Borrower naming Austin Waylen Moorhead as a beneficiary of the Deed of Trust and Notice of Bankruptcy Case Filing. *See Exhibit H*. The pending foreclosure sale was immediately postponed. On February 17, 2018 Debtor Austin Waylen Moorhead filed his bankruptcy case in the U.S. Bankruptcy Court Northern District of California Petition # 18-30172, *see Exhibit G*. This became the **Sixth Bankruptcy** case to prevent foreclosure against the Property. Attorney for Movant filed a Motion for Relief from the Automatic Stay requesting In Rem Relief (the "MFR") on March 12, 2018 as docket entry number 16. The hearing was held on April 5, 2018 and the MFR was granted only providing Movant with relief under 11 U.S.C. 362(d)(1) only. The Order granting relief was entered on the docket on April 13, 2018 as docket number 19 *see Exhibit I*.

On April 23, 2018 Min Rex Lee filed his second bankruptcy case in the U.S. Bankruptcy Court Northern District of California Petition #18-40935. This filing became the **Seventh Bankruptcy** case to prevent foreclosure against the Property *see Exhibit J*.

On June 27, 2018 Trustee for Movant received yet another facsimile providing notice of the **Eighth Bankruptcy** case affecting the Property. The facsimile contained a copy of an unrecorded

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR IN REM RELIEF & ANNULMENT FROM    6

Case: 18-51722   Doc# 15-2   Filed: 08/17/18   Entered: 08/17/18 11:52:42   Page 6 of 7

Deed of Trust with Assignment of Rents (Short Form) executed by the Borrower naming Min J Lee as a beneficiary of the Deed of Trust and Notice of Bankruptcy Case Filing *see Exhibit K*. On June 25,2018 Debtor Min J Lee filed his third bankruptcy case in the U.S. Bankruptcy Court Northern District of California Petition #18-41462. Movant filed an In Rem Motion for Relief from Automatic Stay on July 6, 2018 as docket entry number 11, scheduled for hearing on August 1, 2018. Unfortunately, the case was dismissed on July 10, 2018, for failure to comply. The hearing on Movant's motion was dropped on July 11, 2018.

Coincidentally, on August 1, 2018, Arthur Mrozowski, the Debtor in the instant bankruptcy case filed his petition for bankruptcy case in the U.S. Bankruptcy Court Northern District of California Petition # 18-51722, on the same day the prior hearing in case # 18-41462 was scheduled to be heard. This is the Debtor's sixth bankruptcy petition as evidenced in the Notice of Debtor's Prior Filings. The Debtor in the instant bankruptcy case has filed a skeletal Petition as such, the Court issued an order to file required documents within 14 days of the petition date. This is the **Ninth Bankruptcy** case to prevent foreclosure against the Property. It is evident that the Debtor's filing is part of a scheme to delay hinder and defraud Movant.

## IV. CONCLUSION

Based upon the foregoing grounds and the evidence set forth, the Court should grant Movant's Motion for In Rem Relief and Annulment from the Automatic Stay retroactively to the petition date, to allow Movant to proceed under applicable non-bankruptcy law to enforce its remedies against the Property, that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any chapter of Title 11 of the United States Code, that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived and that the Co-Debtor relief be terminated.

Dated: 8/17/2018                                          Respectfully Submitted,

                                                           McCalla Raymer Leibert Pierce, LLP

                                     By:      */s/Dane W. Exnowski*
                                                    Dane W. Exnowski
                                                    Attorney for Movant